UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH LIONEL INGRAHAM,

     Plaintiff,

v.                                                      Case No. 8:11-cv-180-T-23MAP

W. DOUGLAS BAIRD,  et al.,

     Defendants.

_____/

## O R D E R

Ingraham's complaint alleges that the defendants violated his civil rights during state criminal proceedings in 2006 and 2007.  Ingraham seeks leave to proceed in forma pauperis (Doc. 2).  Although entitled to a lenient construction,  Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the pro se complaint (Doc. 1) lacks merit.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e).

Ingraham identifies the defendants as the trial judge, both prosecution and defense attorneys, and witnesses, individuals who were involved in Ingraham's state criminal proceedings.  Ingraham fails to state a claim that he can pursue in a civil rights case.

Ingraham challenges the legality of Judge Baird's rulings during Ingraham's criminal trial.  A state court judge is entitled to absolute immunity from suit in a civil rights case for an act that is within the scope of judicial authority.  Bradley v. Fisher, 80 U.S. (13 Wall.) 355 (1871);  Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719 (1980);  Jones v. Cannon, 174 F.3d 1271, 1281-82 (11th Cir. 1999).  The absence of immunity would eviscerate the constitutional independence of the judiciary.  Dennis v. Sparks, 449 U.S. 24, 31 (1980).  The doctrine of judicial immunity is not defeated because a case is filed under Section 1983.  Supreme Court of Virginia v. Consumers Union, 446 U.S. 734-35.

Ingraham alleges that the prosecutors "filed a felony information that was based upon false facts . . . ."  Ingraham's allegations show that the prosecutors acted within their scope of authority.  Imbler v. Pachtman, 424 U.S. 409, 420-21 (1976); Jones v. Cannon, 174 F.3d at 1281.

Ingraham lists his defense counsel as a defendant but attributes no specific act to his counsel.  Consequently, the complaint asserts no claim against his defense counsel.  Moreover, to assert a valid Section 1983 claim, a plaintiff must show that the defendant acted under color of law.  "[M]ost rights secured by the Constitution are protected only against infringement by governments."  Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 156 (1978).  See also Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974) (The constitution offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory.).  No defense counsel—whether publicly provided or privately retained—acts under color of law.  "[A] public defender does not

- 2 -

act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dobson 454 U.S. 312, 325 (1981).  Therefore, Ingraham's defense counsel was not acting under color of state law and is not liable under Section 1983.

Finally, Ingraham alleges that police officer Komar testified falsely during Ingraham's criminal trial.  A witness in a criminal proceeding is absolutely immune from liability for damages based on the witness' allegedly perjured testimony.  Briscoe v. LaHue,  460 U.S. 325, 326 (1983) ("[W]itnesses are absolutely immune from damages liability based on their testimony . . . ."); Jones v. Cannon, 174 F.2d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial, or in front of the grand jury.  The penalty for false testimony under such circumstances is the same for any witness, that is, a potential prosecution for perjury.") (citations omitted).

Accordingly, the civil rights complaint is **DISMISSED**.  The motion for miscellaneous relief[*] (Doc. 3) is **DENIED**.  The motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED** as moot.  The clerk shall enter a judgment against Ingraham and close this case.

ORDERED in Tampa, Florida, on February 2, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*]  Ingraham requests an order requiring the warden of his institution to provide a notary and copies of the complaint.